IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony James, ) | C/A No.: 1:13-1438-TMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Lea Asheley Shannon Wright, Chas. Co. ) | |
| Solicitor; Scarlet Wilson, Charleston ) | |
| Co. Head Solicitor; Martha Kent- ) | |
| Jenkinson, Public Defender; David ) | |
| Holton, Public Defender; Patricia ) | |
| Baldwin, Magistrate Judge; Lt. A. ) | |
| Wright; Lt. Thompson; Lt. Pilgram; Sgt. ) | |
| Tut; Sgt. Terry; Sgt. T. Gibbons; Ofc. ) | |
| Harold; Ofc. Feaster; Richard Cox, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Anthony James, proceeding *pro se* and *in forma pauperis*, brought this action, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by Solicitors Wright and Wilson, Public Defenders Kent-Jenkinson and Holton, and Magistrate Judge Baldwin associated with the prosecution of criminal charges against Plaintiff in state court. Plaintiff further alleges that the remaining defendants, employed by the South Carolina Department of Corrections, used excessive force against Plaintiff. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process as to the following defendants:

Lea Asheley Shannon Wright, Chas. Co. Solicitor; Scarlet Wilson, Charleston Co. Head Solicitor; Martha Kent-Jenkinson, Public Defender; David Holton, Public Defender; and Patricia Baldwin, Magistrate Judge.[1]

I.      Factual and Procedural Background

Plaintiff indicates that, on September 8, 2011, he filed a motion for reconsideration of a state conviction with the Charleston County Clerk of Court. [Entry #1 at 5]. Plaintiff alleges that the Solicitors Wright and Wilson have failed or refused to schedule a hearing on his motion for reconsideration. *Id.* Plaintiff further alleges that these defendants failed to schedule a hearing for a motion he filed in 2005 to dismiss the state criminal charges. *Id.* Plaintiff claims that Public Defenders Kent-Jenkinson and Holton are also responsible for ensuring that a hearing is scheduled on his motion to reconsider and have failed to effectively represent him. *Id.* Plaintiff seeks an order compelling defendants Wright, Wilson, Kent-Jenkinson and Holton to schedule a hearing. *Id.* Plaintiff further asks the court to declare his state court "judgment of 18 years confinement . . . void and inoperative."[2] *Id.*; *see also Id.* at 11.

---

[1] A separately-docketed order directs service of Plaintiff's claims against defendants Lt. A. Wright, Lt. Thompson, Lt. Pilgram, Sgt. Tut, Sgt. Terry, Sgt. T. Gibbons, Ofc. Harold, Ofc. Feaster, and Richard Cox.

[2] To the extent Plaintiff is attempting to challenge his state criminal conviction and sentence or seek release from prison, such claims must be presented in a petition for a writ of habeas corpus after exhaustion of state remedies. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

Plaintiff next alleges that eight correctional officers, defendants Lt. A. Wright, Lt. Thompson, Lt. Pilgram, Sgt. Tut, Sgt. Terry, Sgt. T. Gibbons, Ofc. Harold, and Ofc. Feaster (collectively "Correctional Defendants"), used excessive force against him on July 25, 2011. *Id.* at 6–7. Plaintiff claims that the Correctional Defendants punched, kicked and sprayed him with chemical munitions, resulting in facial wounds that required stitches. *Id.* at 7–8. Plaintiff alleges defendant Richard Cox failed to investigate his allegations regarding the assault. *Id.* at 8. Plaintiff seeks monetary damages and an order compelling the South Carolina Department of Corrections to terminate the Correctional Defendants' employment. *Id.* at 11.

Plaintiff sues defendant Magistrate Judge Patricia Baldwin for having issued arrest warrants in his criminal case. *Id.* at 9. Plaintiff claims that the warrants were not signed by the appropriate officer and should be considered null and void. *Id.* at 10. Plaintiff seeks an order compelling defendant Baldwin to schedule a hearing to address the validity of the arrest warrants. *Id.* at 12.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff provides sufficient

factual allegations to withstand summary dismissal against the Correctional Defendants and defendant Cox. However, the undersigned recommends the remaining defendants be summarily dismissed.

### 1. Defendants Wright and Wilson are protected by prosecutorial immunity

Plaintiff names defendants Wright and Wilson for allegedly refusing to schedule hearings in Plaintiff's state criminal proceedings. [Entry #1 at 5]. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Thus, Plaintiff's claims associated with the prosecution of his criminal proceedings by defendants Wright and Wilson are barred from suit and it is recommended that they be summarily dismissed from this case.

### 2. Defendant Baldwin is protected by judicial immunity

Plaintiff alleges that defendant Baldwin violated his rights by issuing the Plaintiff's arrest warrants. [Entry #1 at 9]. However, a judicial officer in the performance of her duties has absolute immunity from suit. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). This immunity extends to judges and courts of limited jurisdiction, such as municipal and magistrate court judges. *Figueroa v. Blackburn*, 208 F.3d 432, 441–43 (3d Cir. 2000); *see also Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987). Judicial immunity is not

pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Because judicial immunity is a protection from suit, not just from ultimate assessment of damages, *Mireless*, 502 U.S. at 11, the undersigned recommends that defendant Baldwin be summarily dismissed from this case.

>   3.   Defendants Kent-Jenkinson and Holton are not state-actors amenable to suit under § 1983

Plaintiff alleges that public defenders Kent-Jenkinson and Holton have failed to effectively represent him by refusing to ensure that hearings are scheduled in his criminal proceedings. [Entry #1 at 6]. An attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Therefore, defendants Kent-Jenkinson and Holton are entitled to summary dismissal from this case.

III.   Conclusion and Recommendation

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process as to the following defendants: Lea Asheley Shannon Wright, Scarlet Wilson, Martha Kent-Jenkinson, David Holton, and Patricia Baldwin.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

July 1, 2013  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).