IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Anthony James, | ) | |
| | ) | C/A No. 1:13-1438-TMC-SVH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lea Asheley Shannon Wright, Chas. Co. | ) | |
| Solicitor; Scarlet Wilson, Charleston | ) | |
| Co. Head Solicitor; Martha Kent-Jenkinson, | ) | |
| Public Defender; David Holton, Public | ) | |
| Defender; Patricia Baldwin, Magistrate | ) | |
| Judge; Lt. A. Wright; Lt. Thompson; | ) | |
| Lt. Pilgram; Sgt. Tut; Sgt. Terry; | ) | |
| Sgt. T. Gibbons; Ofc. Harold; Ofc. Feaster; | ) | |
| Richard Cox, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding pro se and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On July 1, 2013, Magistrate Judge Hodges issued her Report recommending that the court dismiss Defendants Lea Asheley Shannon Wright, Scarlet Wilson, Martha Kent-Jenkinson, David Holton and Patricia Baldwin, from this case without prejudice and without issuance and service of process. (ECF No. 15). The magistrate judge provided Plaintiff a notice advising him of his right to file objections to the Report. (ECF No. 15 at 8). Plaintiff filed objections to the Report on July 19, 2013. (ECF

No. 21).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The magistrate judge recommended that the court dismiss Defendants Wright, Wilson, Kent-Jenkinson, Holton and Baldwin, from this case without prejudice and without issuance and service of process. The magistrate judge found Defendants Wright and Wilson are protected by prosecutorial immunity; Defendant Baldwin is protected by judicial immunity; and Defendants Kent-Jenkinson and Holton are not state actors amenable to suit under § 1983. Plaintiff raises two specific objections.

First, Plaintiff alleges Defendants Wilson and Wright are not entitled to prosecutorial immunity "because the judicial proceedings does (sic) not begin until the defendants schedule a hearing and make an appearance for the post-trial motion [and] the defendants Ms. Wilson and

Ms. Wright takes (sic) on the role as investigators evaluating the evidence that was presented with the motion which would make them only entitled to qualified immunity." (Objections 2). Reviewing the complaint, Plaintiff's allegations regarding Defendants Wilson and Wright clearly relate to their role as prosecutors. He contends they have violated his due process rights by failing to schedule a post-trial hearing. Further, Plaintiff has not alleged actions that fall within any of the limited exceptions to prosecutorial immunity that have been recognized by the Supreme Court. *See Kalina v. Fletcher,* 522 U.S. 118, 127 (1997) (Scalia, J., concurring) (finding immunity does not apply when a prosecutor acts as a complaining witness in support of a warrant application); *Buckley v. Fitzsimmons*, 509 U.S. 259, 277(1993) (finding no immunity when the prosecutor makes statements to the press); *Burns v. Reed,* 500 U.S. 478, 492 (1991) (finding no immunity when a prosecutor gives advice to police during a criminal investigation). Accordingly, the court finds Defendants Wilson and Wright are entitled to prosecutorial immunity.

In his second objection, Plaintiff contends that Defendant Baldwin, a magistrate judge, is not entitled to judicial immunity because she "did not have subject matter jurisdiction to preside as a judge to issue arrest warrants against [him] because she failed to administer [an] oath on the forgerer" and the proper person was not before her. (Objections 2-3). He argues the arrest warrants were illegal and should be declared void.

It is well-established that judges are absolutely immune from civil lawsuits for money damages. *Mireles v. Waco,* 502 U.S. 9, 9–10, (1991)(per curiam)("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."). Judicial immunity applies to judicial action taken in error, done maliciously, or in excess of authority. *Stump v. Sparkman,* 435 U.S. 349, 355–56 (1978). A judge is entitled to absolute immunity if the judge acted in his judicial capacity and had jurisdiction over the subject matter.

*King v. Myers,* 973 F.2d 354, 356–57 (4th Cir. 1992).

Plaintiff argues that Defendant Baldwin did not have subject matter jurisdiction. However, there is a distinction "between acts that are performed in 'excess of jurisdiction' and those performed in the 'clear absence of all jurisdiction over the subject matter' with the former type of act accorded immunity." *King,* 973 F.2d at 356–57 (*citing Stump*, 435 U.S. at 356 n. 6). The court must examine " 'whether at the time [the judge] took the challenged action he had jurisdiction over the subject matter before him,' and in answering that question, 'the scope of the judge's jurisdiction must be construed broadly. . . ." ' *Id.* at 357 (*quoting Stump*, 435 U.S. at 356). Moreover, "it is immaterial that his challenged judicial act may have been unauthorized by the laws which govern his conduct." *Chu v. Griffith,* 771 F.2d 79, 81 (4th Cir.1985). If a judge "exceeds his authority, his action is subject to correction on appeal or other authorized review, but it does not expose him to a claim for damages in a private action or put him to the trouble and expense of defending such an action." *Id*. Accordingly, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority" or subject to "grave procedural errors." *Stump,* 435 U.S. at 356–58. Reviewing the complaint, the court finds that Plaintiff's allegations against Baldwin concern judicial acts which were not taken in the complete absence of jurisdiction, and therefore she is entitled to absolute judicial immunity.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Plaintiff's objections are without merit. Accordingly, the court adopts the Report (ECF No. 15) and incorporates it herein. It is therefore **ORDERED** that the Complaint in the above above-captioned case is **DISMISSED** without prejudice and without issuance and service of process as to Defendants, Lea Asheley Shannon Wright, Scarlet Wilson,

Martha Kent-Jenkinson, David Holton, and Patricia Baldwin.

**IT IS SO ORDERED.**

                                                    s/Timothy M. Cain
                                                    United States District Judge

Anderson, South Carolina
August 12, 2013

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.