IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony James, ) | C/A No.: 1:13-1438-TMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Lt. A. Wright; Lt. Thompson; Lt. ) | |
| Pilgram; Sgt. Tut; Sgt. Terry; Sgt. T. ) | |
| Gibbons; Ofc. Harold; Ofc. Feaster; and ) | |
| Richard Cox, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Anthony James, proceeding pro se and in forma pauperis, brought this action, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by the following employees of the South Carolina Department of Corrections ("SCDC"): Lt. A. Wright; Lt. Thompson; Lt. Pilgram; Sgt. Tut; Sgt. Terry; Sgt. T. Gibbons; Ofc. Harold; Ofc. Feaster; and Richard Cox (collectively "Defendants"). Specifically, Plaintiff alleges that Defendants used excessive force against him.

This matter comes before the court on the following motions: (1) Plaintiff's motion for spoliation sanctions [Entry #33]; (2) Plaintiff's motion for summary judgment [Entry #34]; (3) Plaintiff's motion for judgment as a matter of law/for sanctions [Entry #39]; (4) Defendants' motion for summary judgment [Entry #41]; (5) Plaintiff's motion to compel [Entry #52]; (6) Plaintiff's motion for supplemental jurisdiction [Entry #53]; and (7) Defendants' motion for a protective order [Entry #58]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary

judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #42]. The motions having been fully briefed, they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions for summary judgment and judgment as a matter of law are dispositive, this Report and Recommendation is entered for the district judge's consideration.

I.     Factual and Procedural Background

Plaintiff alleges Defendants used excessive force against him on July 25, 2011. [Entry #1 at 6–8]. On October 6, 2011, Plaintiff filed a lawsuit against SCDC in the McCormick County Court of Common Pleas, C/A No. 2011-CP-35-113 ("State Action"). [Entry #41-4]. He admits this action is based on the same set of facts and circumstances as in the State Action. [Entry #41-2 at 7]. On November 4, 2013, the Honorable Thomas Russo granted summary judgment in favor of SCDC and dismissed Plaintiff's State Action. [Entry #41-4]. Specifically, the court found "officers used only the minimal amount of force necessary to control the situation and the minimal force used was required because of Plaintiff's action. Plaintiff has failed to show gross negligence, a failure to exercise even slight care, in relation to this incident and his action is dismissed." *Id.* at 11. In this action, Defendants move for summary judgment, arguing

that the doctrine of res judicata bars Plaintiff's relitigation of claims based on the same set of facts as in the State Action. [Entry #41-1 at 6–8].

II.     Discussion

  A.    Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are

irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.     Analysis

Defendants argue that Plaintiff's claims are barred by res judicata because he has previously litigated these issues in the State Action. [Entry #41-1 at 5–7]. In response, Plaintiff argues that he has asserted different claims in this action than in the State Action, that res judicata does not apply because this court took jurisdiction before a final judgment was entered in the State Action, and that there was fraud committed in the State Action. [Entry #51].

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Allen v. McCurry*, 449 U.S. 90, 96 (1980). South Carolina law applies in determining whether this action is barred by the earlier state action. *See Weston v. Margaret J. Weston Med. Ctr.*, C/A No. 1:05-2518-RBH, 2007 WL 2750216 (D.S.C. 2007) (unpublished).

To establish res judicata under South Carolina law, a defendant must prove the

following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit. *Plum Creek Development Co., Inc. v. City of Conway*, 512 S.E.2d 106, 108–109 (S.C. 1999). South Carolina courts hold that the doctrine of res judicata applies to issues adjudicated in the prior suit and to issues which could have been raised. *Hilton Head Center of S.C. v. Public Service Comm'n*, 362 S.E.2d 176 (S.C. 1987).

Defendants argue that there is identity of the parties in the two cases because SCDC, the sole defendant in the State Action, is in privity with Defendants in the instant case. [Entry #41-1 at 6–7]. Plaintiff has not disputed this assertion. Privity "means one so identified in interest with another that he represents the same legal right. One in privity is one whose legal interests were litigated in the former proceeding." *Richburg v. Baughman*, 351 S.E.2d 164 (S.C. 1986). Under the circumstances of this case, it appears that SCDC and Defendants are in privity for the purposes of Plaintiff's claims, as they represent the same legal interests. Therefore, the identity of the parties is the same in the two actions.[1]

Plaintiff argues that there is no identity of subject matter because the State Action was brought under the South Carolina Tort Claims Act and he is now bringing

---

[1] The undersigned notes that Plaintiff has another case pending in this court, *James v. Cartledge*, C/A No. 1:13-2292-TMC, in which the defendant is represented by different counsel than in the instant action. In *James v. Cartledge*, the defendant also moved for summary judgment based in part on res judicata in light of Plaintiff's State Action. The undersigned declined to base the recommendation in *James v. Cartledge* on Defendant's res judicata theory because the record was unclear as to whether the defendant had been directly implicated and whether he had the same legal interests as SCDC in State Action. In the instant action, the record is clear as to the identity of the parties.

5

constitutional claims pursuant to 42 U.S.C. § 1983. [Entry #51 at 2–3]. Defendants argue that res judicata precludes the relitigation of the claims that are based on the same set of facts and circumstances. [Entry #41-4 at 6]. The identity of the subject matter of the two suits rests not in their forms of action or the relief sought, but rather, in the combination of the facts and law that give rise to a claim for relief. *Plum Creek*, 512 S.E.2d at 109–110. Plaintiff's claims in this action arise from the same set of facts that gave rise to his claims in the State Action and the claims presented in this action existed at the time of the State Action. Therefore res judicata applies to Plaintiff's claims brought pursuant to 42 U.S.C. § 1983.

Plaintiff claims, without any legal support, that Defendants' res judicata defense must fail because this court "took jurisdiction" of the instant matter by granting him in forma pauperis status on July 1, 2013, before the State Action was adjudicated on November 4, 2013. [Entry #51 at 2]. Plaintiff provides no authority for his contention that his filing of this action, or the court's granting in forma pauperis status, prior to the State Action's final adjudication, precludes Defendants' res judicata defense. The court's jurisdiction in this matter is distinct from its determination of whether res judicata applies to bar Plaintiff's claims; therefore, Plaintiff's argument is without merit.

Lastly, Plaintiff claims that Defendants are not entitled to a res judicata defense because they allegedly committed perjury and withheld evidence. [Entry #51 at 3–4]. Specifically, Plaintiff disagrees with the discovery answers provided by Defendants in State Action and alleges they withheld evidence because the video of his cell extraction

6

was lost. *Id*. Plaintiff's allegations, even assuming they are true, are unavailing, as he admits that he had the information on which he bases the allegations by the end of September 2013, while the State Action was still pending. In fact, Plaintiff filed his motion for spoliation sanctions on September 10, 2013 [Entry #33], and his motion for judgment as a matter of law and for sanctions, based on Defendants' alleged perjury, on October 28, 2013 [Entry #39]. Plaintiff could have asserted such allegations in the State Action prior to judgment being entered on November 4, 2013, or filed a timely motion for reconsideration after judgment was entered, but he chose not to do so. His failure to raise these issues in the State Action does not preclude a res judicata defense in the instant case.

The undersigned recommends the district judge grant Defendants' motion for summary judgment [Entry #41] because res judicata bars the relitigation of Plaintiff's claims. Accordingly, the undersigned also recommends the district judge deny Plaintiff's motion for summary judgment [Entry #34] and motion for judgment as a matter of law/for sanctions [Entry #39].

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that Defendants' motion for summary judgment [Entry #41] be granted and that Plaintiff's motion for summary judgment [Entry #34] and motion for judgment as a matter of law/for sanctions [Entry #39] be denied. If the district judge accepts this recommendation, the following motions will be rendered moot: (1) Plaintiff's motion for spoliation sanctions [Entry #33]; (2)

Plaintiff's motion to compel [Entry #52]; (3) Plaintiff's motion for supplemental jurisdiction [Entry #53]; and (4) Defendants' motion for a protective order [Entry #58].

    IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

March 5, 2014                         Shiva V. Hodges
Columbia, South Carolina         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).