IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Anthony James, | ) | |
| | ) | Civil Action No. 1:13-1438-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Lt. A. Wright; Lt. Thompson; Lt. Pilgram; Sgt. Tut; Sgt. Terry; Sgt. T. Gibbons; Ofc. Harold; Ofc. Feaster; and Richard Cox, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

The plaintiff, Anthony James ("James"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his Eighth and Fourteenth Amendment rights. The defendants have moved for summary judgment, asserting that James's claims are precluded by res judicata, James has failed to state a claim actionable under § 1983, and that the defendants are entitled to qualified immunity. (ECF No. 41.) In addition, James has moved for summary judgment (ECF No. 34), judgment as a matter of law (ECF No. 39), spoliation sanctions (ECF No. 33), to compel discovery (ECF No. 52), and for the court to exercise supplemental jurisdiction (ECF No. 53).

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), DSC, this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate's Report and Recommendation ("Report"), recommending that the court grant the defendants' motion for summary judgment because res judicata bars the relitigation of James's claims. (ECF No. 60.) James filed timely objections to the Report, asserting that res judicata does not apply because the defendants committed fraud on the state court, so the judgment was not valid. (ECF

1

No. 62.) In addition, James submitted supplemental objections, raising additional Eighth Amendment claims and asserting that, because no court has ruled on those claims, res judicata does not apply.[1] (ECF No. 64.)

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

## BACKGROUND

This action arises out of an altercation between James, his cellmate, and several of the defendants. On July 25, 2011, while collecting food trays, Officer Knight was hit in the face with feces by someone in James's cell. In response, Sargent Gibbons, who was at the next cell, administered 2.6 grams of chemical munitions into James's cell and then reported the incident.

Shortly thereafter, an extraction team arrived to remove James and his cellmate from the cell. James allegedly refused orders to come to the front of the cell to be handcuffed and then resisted when the officers went in to handcuff him. As a result of the scuffle, James sustained a ¾ inch laceration above his left eye and some minor swelling.

On October 6, 2011, James filed suit against the South Carolina Department of Corrections ("SCDC") in the McCormick County Court of Common Pleas. *James v. SCDC*, Civil Action No. 2011-CP-35-113 ("State Action"). The State Action, brought under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-60, concerned numerous allegations against

---

[1] Although James filed this supplemental response after his time had run to file objections, the court considers it part of his timely objections and considers it in this order.

the SCDC, including a claim arising out of the July 25, 2011, incident. On that claim, the state court granted summary judgment in favor of SCDC and found that the "officers used only the minimal amount of force necessary to control the situation and the minimal force used was required because of Plaintiff's action." (State Action Order, ECF No. 41-4 at 11.) The court also found that James "failed to show gross negligence, a failure to exercise even slight care, in relation to" the incident. (*Id.*)

## DISCUSSION

The Report sets out the relevant legal standard for evaluating res judicata and the court incorporates that standard herein. In his first objection, James asks this court to find the order in the State Action "void on grounds of fraud" and, thus, not a valid final order with preclusive affect. However, as the Report notes, the issue of fraud in the State Action properly lies with the state court. In addition, James's claim of fraud arises from the same July 25, 2011, incident, was available to him in the State Action, and, thus, is precluded by res judicata. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979) (finding that res judicata "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding"). Accordingly, the court does not find this argument persuasive and sees no reason to deviate from the Report's recommendation that all claims related to the July 25, 2011, incident and available to the parties during the State Action are precluded by res judicata.

In his supplement to his objections, James asserts six additional Eighth Amendment claims. James has not previously raised these claims in this litigation so they are not properly before the court at this time.

In addition to his Eighth Amendment claims, James has asserted that the defendants violated his due process rights. Specifically, James alleges that, according to prison policy, the defendants were required to film the extraction team's actions and did not do so. As far as the court can tell, the State Action did not directly address or decide this claim. And, while the claim arises out of the same incident, the court feels is bears special mention.

James's due process claim fails because it does not rise to the level of a constitutional violation actionable under § 1983. "The failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation." *Johnson v. S.C. Dep't of Corrections*, No. 06-2062, 2007 WL 904826, at *12 (D.S.C. Mar. 21, 2007) (citing *United States v. Caceres*, 440 U.S. 741 (1978)); *see also Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights that the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

## CONCLUSION

After a thorough review of the Report, objections, and record in this case, the court agrees with the Report's analysis and recommended outcome and incorporates it herein. Accordingly, the defendants' motion for summary judgment (ECF No. 41) is GRANTED, James's motion for summary judgment (ECF No. 34) and motion for judgment as a matter of law (ECF No. 39) are DENIED, and the following motions are now MOOT: (1) the plaintiff's motion for spoliation sanctions (ECF No. 33), (2) the plaintiff's motion to compel (ECF No. 52),

(3) the plaintiff's motion for supplemental jurisdiction (ECF No. 53), and (4) the defendants' motion for protective order (ECF No. 58).

**IT IS SO ORDERED**.

s/Timothy M. Cain<br>United States District Judge

June 9, 2014
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.