IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Anthony James, | ) | |
| | ) | Civil Action No. 1:13-1438-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Lt. A. Wright; Lt. Thompson; Lt. | ) | |
| Pilgram; Sgt. Tut; Sgt. Terry; Sgt. T. | ) | |
| Gibbons; Ofc. Harold; Ofc. Feaster; and | ) | |
| Richard Cox, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the court is the plaintiff's motion for reconsideration and/or motion to alter or amend judgment. (ECF No. 68.) In his motion, the plaintiff asserts that the court should grant him partial relief from judgment because it failed to consider one of his claims.

Pursuant to Federal Rule of Civil Procedure 59(e), a court may grant a motion to alter or amend a final judgment if necessary "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). The power to grant or deny a motion under Rule 59(e) is discretionary, and "[i]n general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (citation and internal quotation marks omitted). A motion to reconsider is not a vehicle for rearguing the law or petitioning a court to change its mind. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (explaining that a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence

that could have been raised prior to the entry of judgment") (citation and internal quotation marks omitted).

The court liberally construes the plaintiff's motion to present a claim of manifest injustice. On June 9, 2014, the court granted summary judgment to the defendants in this action because the plaintiff's excessive force and due process claims arising out of an incident that took place on July 25, 2011. In his motion for reconsideration, the plaintiff argues that the court failed to consider an additional, separate claim based on allegations that two of the defendants placed the plaintiff in a strip cell without a mattress, sheet, blanket, or clothing. The plaintiff purports to have properly presented these facts to the court in his original complaint.

However, a review of the record reveals that the plaintiff did not raise this claim until his second motion for summary judgment. (*See* ECF No. 34-1, p. 2.) To properly present that new claim to the court at that point in the litigation, the plaintiff would have to have sought leave to amend his complaint in accordance with Federal Rule of Civil Procedure 15. *See Barclay White Skasnka, Inc. v. Battelle Memorial Institute*, 262 Fed. Appx. 556, 563 (4th Cir. 2008). The plaintiff did not do so and, thus, the claim was not properly before the court for resolution. The court may liberally construe pro se pleadings, but pro se litigants are still bound by the Federal Rules of Civil Procedure.

Accordingly, the plaintiff's motion for reconsideration (ECF No. 68) is DENIED.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

August 13, 2014
Anderson, South Carolina